```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

ST. BERNARD CITIZENS FOR                CIVIL ACTION
ENVIRONMENTAL QUALITY, INC.,
AND LOUISIANA BUCKET BRIGADE

VERSUS                                  NO. 04-0398

CHALMETTE REFINING, L.L.C.              SECTION "R" (1)

## ORDER

Plaintiffs St. Bernard Citizens for Environmental Quality, Inc. and Louisiana Bucket Brigade move for reconsideration of this Court's August 10, 2007 Order and Reasons. Defendant opposes the motion. The Court DENIES plaintiffs' motion for reconsideration.

The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at

479 (quotation omitted).

The Court already considered plaintiffs' first two objections to the August 10, 2007 order, namely that the LDEQ settlement was not a final judgment on the merits and that the EPA Consent Decree and the LDEQ settlement do not cover the defendant's violations of its permit limits for benzene releases from tanks.  The Court finds it unnecessary to re-address arguments and cases plaintiffs already raised in the briefs and at oral argument.  Plaintiff's third contention, that the record does not support the Court's analysis of post-consent decree progress, also does not merit reconsideration of the Court's judgment.

With respect to plaintiff's claim that footnote four is inaccurate, the Court corrects the Order, but does not alter the judgment.  In footnote four, the Court stated that "under the terms of the EPA consent decree, defendant will pay specified penalties for both the pre-and post-consent decree violations asserted in plaintiffs' third motion for partial summary judgment."  Plaintiffs assert that the consent decree's stipulated penalty provisions do not apply to <u>all</u> violations.  The Court corrects this footnote to read that the EPA consent decree provides for the payment of penalties for pre-consent decree violations and has provisions covering some, but not all,

2

post-consent decree violations.

The Court heard oral argument on plaintiffs' and defendant's motions and carefully considered the briefs of the parties prior to issuing its August 10, 2007 Order and Reasons.  The Court finds that plaintiffs have raised one issue that merits correction, but have not raised any issues that merit altering the Court's judgment pursuant to Rule 59(e).  Plaintiffs' motion is therefore DENIED.


New Orleans, Louisiana, this  5th  day of November, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE