UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. BERNARD CITIZENS FOR ENVIRONMENTAL QUALITY, INC., and LOUISIANA BUCKET BRIGADE,  )<br>)<br>)<br>)<br>*Plaintiffs*,  )<br>)<br>v.  )<br>)<br>CHALMETTE REFINING, L.L.C.,  )<br>)<br>*Defendant*.  ) | Case No.: 04-0398<br>Section: R<br>Judge: Vance; Magistrate: 1 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES, EXPERT WITNESS FEES AND COSTS**

Plaintiffs St. Bernard Citizens for Environmental Quality and Louisiana Bucket Brigade respectfully submit their Memorandum in Support of their Motion For An Award Of Attorney Fees, Expert Witness Fees And Costs pursuant to the Clean Air Act, 42 U.S.C. § 7604(d), in the amount of two hundred and eleven thousand, four hundred and sixty-nine dollars ($211,469.00).

**Introduction**

As this Court has noted, the Plaintiffs' lawsuit has "resulted in a finding of liability against defendant for 2,665 violations of the Clean Air Act . . . . [and] almost certainly served as a major catalyst in the drafting and entry of . . . EPA and LDEQ consent decrees." *St. Bernard Citizens for Environmental Quality, Inc. v. Chalmette Refining, L.L.C.*, 500 F. Supp.2d 592, 610 (E.D. La. 2007). Accordingly an award of fees to the Plaintiffs is appropriate.

1

**Argument**

I.     **An Award of Fees to the Plaintiffs is appropriate.**

This case is a textbook example of one in which "a plaintiff has obtained excellent results [and] his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 445 (1983). As the Judge Fallon recently recognized, it is "not legally relevant that plaintiffs' counsel expended a certain limited amount of time pursuing certain issues of fact and law that ultimately did not become litigated issues in the case or upon which plaintiffs ultimately did not prevail. Since plaintiffs prevailed on the merits and achieved excellent results . . . , plaintiffs' counsel are entitled to an award of fees for all time reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Holy Cross v. U.S. Army Corps of Engineers*, No. 03-0370, 2008 WL 2278112, *4 (E.D. La., May 30, 2008) (quoting *Hensley*, 461 U.S. 424, 441 (1983) (in turn quoting *Davis v. County of Los Angeles*, No. 73-63-WPG, 1974 WL 180 *3 (C.D. Cal. June 5, 1974)).

In addition, as the D.C. Circuit has explained: "The Clean Air Act authorizes an award of attorney's fees 'whenever [the court] determines that such award is appropriate.' . . . [T]he Clean Air Act, unlike statutes that authorize fee awards only to 'prevailing part[ies],' permits awards to so-called catalyst[s] . . . ." *Sierra Club v. EPA*, 322 F.3d 718, 719, (D.C. Cir. 2003) *cert. denied* 540 U.S. 1104 (2004).

In evaluating whether a fee is appropriate, "[t]he result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Here, the Plaintiffs "obtained excellent results" and their attorneys should therefore "recover a fully compensatory fee." Id. at 445.

In general, time spent by law students, as well as time spent by attorneys, is compensable. *See, e.g.*, *Albro v. County of Onondaga*, No. 85-CV-1425, 1998 WL 52013 (N.D.N.Y. Feb. 4,

1998); *Atl. States Legal Found., Inc. v. Universal Tool & Stamping Co.*,798 F. Supp. 522, 527 (N.D. Ind. 1992). To facilitate settlement of this fee petition, however, the Plaintiffs have not included student attorney time in the compilation below.

## II. The Amount of the Fees that the Plaintiff's Seek is Reasonable.

Plaintiffs seek an award for fees and expenses as follows:

|                      | Hours  | Total        |
|----------------------|--------|--------------|
| Babich Time          | 245.2  | $98,080.00   |
| Van Dalen Time       | 338.99 | $94,917.20   |
| Brown Time           | 54.6   | $11,466.00   |
| Expert & Depo. Costs |        | $6,855.99    |
| Filing Fee           |        | $150.00      |
|                      |        | $211,469.19  |

The reported fees reflect the exercise of billing judgment. These amounts are explained and justified in the declaration attached as Exhibit A.

### Conclusion

For all of the foregoing reasons, if the parties are unable to settle the issue, this Court should award the Plaintiffs two hundred and eleven thousand, four hundred and sixty-nine dollars ($211,469.00) for attorney fees, expert witness fees, and costs.

Respectfully submitted this 15th day of September, 2008,

        TULANE ENVIRONMENTAL LAW CLINIC

        /s/ Adam Babich
        _____
        Adam Babich, SBN: 27177
        6329 Freret Street
        New Orleans, Louisiana 70118
        Telephone: (504) 862-8800 // Fax: (504) 862-8721
        *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

   I certify that a copy of the foregoing pleading has been served upon counsel of record by electronic means on September 15, 2008.

             /s/ Adam Babich

             _____
             Adam Babich, SBN: 27177